UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SPECIALTY CARTRIDGE, INC., d/b/a Atlanta Arms | ) ) | CASE NO. 25-55193-pwb |
| | ) | |
| Debtor | ) | |
| _____ | ) | |

**EMERGENCY MOTION FOR ORDER AUTHORIZING
PAYMENT OF PREPETITION EMPLOYEE COMPENSATION AND
BENEFITS IN THE ORDINARY COURSE OF BUSINESS**

COMES NOW Specialty Cartridge, Inc. d/b/a Atlanta Arms, debtor and debtor in possession in the above-styled chapter 11 case ("Debtor"), and files this *Emergency Motion for Order Authorizing Payment of Prepetition Employee Compensation and Benefits in the Ordinary Course of Business* (the "Employee Motion"). In support of the Employee Motion, Debtor shows the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider the Employee Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Introduction**

2. On May 7, 2025 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, modified, or supplemented, the "Bankruptcy Code"). In accordance with 11 U.S.C. §§ 1107 and 1108, Debtor continues to operate its business as debtor in possession.

1

3. Debtor is engaged in the business of (i) manufacturing ammunition and ammunition related components such as projectiles and casings, and (ii) contract ammunition loading services for other manufacturers.

4. As more fully set forth below, prior to the Petition Date Debtor incurred compensation and benefit obligations payable to employees or others for the benefit of employees for services rendered in the ordinary course of the business. The success of Debtor's reorganization is dependent upon the confidence, loyalty, and retention of current employees. Therefore, Debtor deems it critical that it be authorized to pay prepetition compensation and benefit obligations on an uninterrupted basis. Such payments will assist Debtor in retaining competent and experienced employees.

5. Debtor offers (i) health, dental and vision insurance for its employees through United Healthcare which is paid monthly (collectively, the "Policy"). Debtor pays the entire premium. The amount due for May is $11,631.49.

6. Debtor currently has 17 employees: Ten (10) salaried employees and seven (7) hourly employees. Employees are paid weekly on each Wednesday for work done the prior week. Debtor uses an outside payroll service (Heartland), which impounds the payroll funds on Tuesday. The next payroll due salaried employees is due May 14, 2025, and totals $17,482.31. The next payroll due hourly employees is due May 14, 2025, and totals $7,093.50.

7. Debtor filed during a normal payroll period such that a portion of the payroll accrued prior to the Petition Date.

**Relief Requested**

8. By this Employee Motion, Debtor requests that this Court enter an Order pursuant to Sections 105(a) and 507(a)(3) of the Bankruptcy Code, authorizing Debtor to pay or otherwise

honor various employee-related prepetition obligations of the Debtor, to or for the benefit of, currently active employees (the "Employees").

9. For the reasons set forth herein, Debtor respectfully submits that it is in the best interest of the estate for this Court to authorize Debtor to make such payments and honor obligations owed to, or for the benefit of, the Employees. The obligations (the "Obligations") include, without limitation, (i) unpaid prepetition wages and salaries earned prior to the Petition Date; (ii) applicable federal and state withholding taxes, and (iii) insurance premiums for the Policy.

10. Debtor also seeks confirmation that it be permitted to pay any and all local, state, and federal withholding and payroll-related taxes relating to prepetition period, including, without limitation, all withholding taxes, Social Security taxes, and Medicare taxes.

**Basis for Relief**

11. This bankruptcy case was filed in the middle of a regular and customary payroll period. A portion of the upcoming payroll constitutes a prepetition debt.

12. Any delay in paying the Obligations would further disrupt and harm Debtor's relationship with its employees and will impair employee morale. Moreover, employees would suffer extreme personal and financial hardship if they were not able to receive their prepetition compensation and benefits. Such a result would result in unmanageable attrition among employees. Debtor submits that any significant deterioration in morale at this time will substantially impair Debtor's ability to successfully reorganize.

13. Debtor submits that the amounts to be paid to the employees pursuant to the Employee Motion are reasonable when compared with the importance and necessity of

preserving services, revenues, and employee morale. Debtor further submits that the salaries, commissions, and benefits paid to any individual employee will total less than $17,150.

14. Accordingly, Debtor seeks authorization to pay the Obligations or to maintain accrued levels of benefits and continue such accrual where payment is not yet due in accordance with the policies and programs that were in place prior to the Petition Date.

## Legal Authority

15. 11 U.S.C. § 105 allows the Court to enter any necessary or appropriate order and provides, in part, as follows: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

16. 11 U.S.C. § 105 codifies the inherent equitable powers of the bankruptcy court. *See Croton River Club, Inc. v. Half Moon Bay Homeowners' Assoc., Inc., (In re Croton River Club)*, 52 F.3d 41, 45 (2nd Cir. 1995).

17. Moreover, 11 U.S.C. § 507(a)(3) allows priority treatment, up to $17,150, for holders of allowed claims attributable to wages, salaries, or commissions, inclusive of vacation, severance and sick leave pay. The payments contemplated herein are for priority claims and would not exceed the $17,150 limit.

18. Under the "doctrine of necessity," which is derived from 11 U.S.C. § 105, it is entirely appropriate for a bankruptcy court to exercise its inherent equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor...." *See In re Ionosphere Clubs Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (citing *NLRB v. Bildisco & Bildisco* 465 U.S. 513, 528 (1984)). Accordingly, a court may authorize, prior to confirmation of a plan, the payment of prepetition obligations that are essential to the

debtor's continued business operations and vital to reorganizational efforts. *See In re Ionosphere Clubs, Inc.,* 98 B.R. at 175.

19. Courts routinely allow debtors to pay wages, salaries and benefits earned prepetition but due and owing after the Petition Date. *See In re Gulf Air, Inc.,* 112 B.R. 152 (Bankr. W.D.La. 1989) (court authorized charter air service to pay prepetition wages and benefits); *In re Ionosphere Clubs, Inc.,* 98 B.R. at 177 (court, relying upon Section 105(a) of the Bankruptcy Code, permitted Eastern Air Lines, Inc., to pay current employees' prepetition wages, salaries, and benefits such payments were deemed necessary to effectuate a restructuring.). Moreover, courts in this district have routinely concluded that it is appropriate to pay prepetition wages and benefits, when such payments are necessary to effectuate the bankruptcy process. *See e.g. In re Pretty Products, Inc.,* Chapter 11 Case No. 10-12286-whd (Drake J.)*, In re Stone Connection, Inc.,* Chapter 11 Case No. 09-85337-jb (Bihary J.).

20. The employees are essential to Debtor's ability to successfully navigate Chapter 11 and reorganize. Additionally, authorization to pay the Obligations is necessary to maintain morale and prevent many of the employees from suffering personal financial hardship or from seeking other employment. Accordingly, Debtor requests that the relief sought herein is appropriate and consistent with 11 U.S.C. §§ 105(1) and 507(a)(3).

21. Debtor will serve the Motion and the relief requested therein to the entities asserting an interest in cash collateral, each of Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

22. Debtor respectfully submits that such notice is sufficient, and requests that this Court find that no further notice is necessary.

WHEREFORE, Debtor respectfully requests that the Court:

(A)  schedule a hearing on the Employee Motion on an expedited bases and shorten notice to creditors accordingly;

(B)  enter an order authorizing Debtor to pay all Obligations, including, without limitation, wages, benefits and applicable taxes;

(C)  enter an order authorizing Debtor to pay (i) any and all local, state, and federal withholding and payroll-related taxes relating to prepetition periods, including, without limitation, all withholding taxes, Social Security taxes, and Medicare taxes, and (ii) any and all premiums on the Policy, (iii) all Deductions to the appropriate recipients; and

(D)  grant such further and other relief as the Court deems just and appropriate.

Dated: May 8, 2025

               LAMBERTH, CIFELLI,
               ELLIS & NASON, P.A.
*Proposed Attorneys for Debtor*

By:  /s/ G. Frank Nason, IV
      G. Frank Nason, IV
      Georgia Bar No. 535160

6000 Lake Forrest Drive, NW
Suite 290
Atlanta, Georgia 30328
(404) 262-7373

6

**Certificate of Service**

This is to certify that the undersigned has served a true and correct copy of the foregoing *Emergency Motion for Order Authorizing Payment of Prepetition Employee Compensation and Benefits in the Ordinary Course of Business* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

A separate certificate will reflect service on additional parties by electronic mail.

This 8th day of May, 2025

/s/ <u>G. Frank Nason, IV</u>
G. Frank Nason, IV
Georgia Bar No. 535160

6000 Lake Forrest Drive, N.W.
Suite 290
Atlanta, GA  30328
(404) 262-7373