**IT IS ORDERED as set forth below:**



**Date: May 9, 2025**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| SPECIALTY CARTRIDGE, INC., d/b/a | ) | |
| Atlanta Arms | ) | CASE NO. 25-55193-pwb |
| | ) | |
| Debtor | ) | |
| _____ | ) | |

### INTERIM ORDER AUTHORIZING DEBTOR TO USE
### CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This matter came before the Court on May 9, 2025 for hearing (the "Preliminary Hearing") on the *Motion of Debtor for (1) Order Authorizing Use of Cash Collateral to Avoid Immediate and Irreparable Harm and Related Relief, and (2) Final Order Authorizing Cash Collateral Use* (the "Motion")[1] filed by of Specialty Cartridge, Inc., d/b/a Atlanta Arms ("Debtor"). Upon consideration of the Motion, representations of counsel at the Preliminary Hearing, and all other matters of record, the Court hereby finds:

A. Debtor filed its petition for relief under chapter 11 of the Bankruptcy Code on May 7, 2025 (the "Petition Date"). Pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor remains in

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

possession of its assets and has continued the operation and management of its business in this chapter 11 case.

B.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C.  Debtor asserts that is indebted to Pinnacle Bank in the approximate amount of $6,181,600, pursuant to a (i) Business Manager Line of Credit Agreement (rounded to $741,000), (ii) Regular Bank Line of Credit (rounded to $903,000), (iii) Master Lease Agreement #42094GA-111 with Schedules covering the Arkansas Equipment (rounded to $3,213,000), 2013 Ammoload Machine (rounded to $8,600), and WF 1010 Machine (rounded to $33,000), and (iii) guaranty of the ACME obligations under Master Lease Agreement 36766GA-111 covering the ACME Equipment (rounded to $1,283,000).

D.  Debtor asserts that Pinnacle Bank is entitled to adequate protection of its security interests in and liens on the cash collateral to the extent its security interests and liens are valid and perfected.

E.  Debtor asserts that it has provided actual notice of the Motion and the relief requested therein to Pinnacle Bank, each of Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

F.  Debtor alleges that an immediate need exists for Debtor to obtain use of the Cash Collateral to fund critical operations. A schedule of the Debtor's revenues and cash requirements is set forth in the budget (the "Budget") attached hereto as Exhibit "A."

G.  Debtor alleges that to preserve the value of its assets, it requires the use of Cash Collateral in accordance with this Order.

H.      Good cause has been shown for the entry of this Order and authorization for Debtor to use Cash Collateral pending the final hearing on the Motion pursuant to Bankruptcy Rule 4001(b) (the "Final Hearing"). Among other things, entry of this Order will minimize disruption, will increase the possibility for a successful reorganization, and is in the best interests of Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1.      The Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2.      Debtor is authorized to use Cash Collateral as set forth herein from the date of the entry of this Order through and including the date of the Final Hearing on the Motion (the "Interim Period"). The Interim Period may be extended by further order of the Court.

3.      As partial adequate protection of its interests in any Cash Collateral expended by Debtor, Pinnacle Bank is hereby granted a valid and properly-perfected replacement lien (an "Adequate Protection Lien"), pursuant to 11 U.S.C. §361(2) on all property acquired by Debtor after the Petition Date that is the same or similar nature, kind, or character as the collateral to which any valid and perfected security interest of Pinnacle Bank attached prepetition and in the same priority as existed on the Petition Date, except that no such replacement lien shall attach to the proceeds of any avoidance actions under Chapter 5 of the Bankruptcy Code (the "Chapter 5 Actions"). The Adequate Protection Lien shall be deemed automatically valid and perfected upon entry of this Order.

4.      Debtor agrees that Pinnacle Bank may inspect Debtor's premises, equipment, and inventory. The parties agree to schedule such inspection at a mutually agreeable date and time

within two (2) weeks of the entry of this Interim Order unless the parties mutually agree to a date and time beyond such deadline.

5. Debtor and Pinnacle Bank agree that on or before fourteen (14) days following the entry of this Order and continuing every fourteen (14) days thereafter until further ordered by the Court, Debtor shall provide Pinnacle Bank with an invoice issued and paid report, an accounts receivable aged report, income statement, cash disbursement report, and a budget-to-actual comparison report in the line item format of the Budget for the preceding reporting period.

6. This Order is entered without prejudice to the rights of Pinnacle Bank or Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim, or the right of Pinnacle Bank seek any relief available.

7. The Court shall hold a Final Hearing on the Motion at **11:00 a.m.** on **June 12, 2025**, in Courtroom **1401**, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W. Atlanta, Georgia 30303. which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

8. The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

9. Debtor's Counsel shall serve a copy of this Order on all parties-in-interest within three (3) business days of entry and promptly thereafter file a certificate of service evidencing the method and manner of service.

[END OF DOCUMENT]

**Prepared and presented by:**

LAMBERTH, CIFELLI,
 ELLIS & NASON, P.A.
*Proposed Counsel for Debtor*

By: */s/ G. Frank Nason, IV*
       G. Frank Nason, IV
       Georgia Bar No. 535160
6000 Lake Forrest Drive, N.W., Ste. 290
Atlanta, GA  30328
(404) 262-7373

**Identification of parties to be served:**

G. Frank Nason, IV, Lamberth, Cifelli, Ellis & Nason, P.A., 6000 Lake Forrest Drive, NW, Suite 290, Atlanta, GA 30328

Alan Hinderleider, Office of the United States Trustee, 362 Richard Russell Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303

Michael Pugh, Thompson O'Brien Kappler & Nasuti, PC, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092

**Exhibit "A"**
**(Budget)**

| Week Ending | 16-May | 23-May | 30-May | 6-Jun | 13-Jun |
|---|---|---|---|---|---|
| Revenues | $208,000 | $39,000 | $59,000 | $ 98,000.00 | $139,000 |
| | | | | | |
| Salaried | $17,482.31 | $17,482.31 | $17,482.31 | $17,482.31 | $17,482.31 |
| Hourly | $7,093.50 | $7,093.50 | $7,093.50 | $7,093.50 | $7,093.50 |
| Medical Ins. | $11,631.49 | | $11,631.49 | | |
| 401(k) Match | $136.00 | $136.00 | $136.00 | $136.00 | $136.00 |
| Insurance | | | | $ 8,837.20 | |
| Rent | | | | $34,881 | |
| Maintenance | $900 | $900 | $900 | $900 | $900 |
| Ballistic Agency | | | $7,000 | | |
| Computer/Security | $ 1,152.00 | | | | $ 1,152.00 |
| Materials | | $46,800.00 | $ 88,000.00 | $ 43,000.00 | $ 13,000.00 |
| Utilities | $3,348.00 | | | $3,348.00 | |
| | $41,743.30 | $72,411.81 | $132,243.30 | $115,678.01 | $39,763.81 |